*550
Curia, per

Whitner, J.
In this case, the plaintiff brought his action of assumpsit to recover of the defendant, who was the surety of one William Clark, the balance of a note alleged to be due. The suit was brought four years and six months after the note was due, and two years and eight months after the death of the principal. The parties all resided in the neighborhood of each other. The - statute of limitations- was pleaded, and in reply the plaintiff relied on payment.' The note was for $1,000— credits were indorsed, of $139, a little over one month, and for $523 50 in less than two months after the note was due. Admitting these credits to be bona fide, they afforded no sufficient reply to defendant’s plea, as more than four years and two months had elapsed between these payments and plaintiff’s writ. There was a further credit endorsed, in plaintiff’s own hand-writing, of $5, bearing a date something over three years.before the writ, and about four months before the death of Clark, the principal.
In a preceding case it has been held that a credit, endorsed after a note is barred, is not sufficient to take a case out of the státute, and plaintiff has been held to other proof, or suffer non-suit — “Because, to permit the holder of a note, after an action is barred, to revive, by his own act, thp liability of the debtor, would be to allow him to manufacture proof for the exigencies of his case.” Conklin vs. Pearson (1 Rich. 392).
In earlier cases, and amongst them I find the case of Gibson vs. Peeples, (2 McC. 418,) where the credits indorsed were submitted to the jury, leaving them to determine whether, from the special circumstances, the fact of payment was thereby established.
Parties, then, are not-allowed to manufacture testimony in their'own behalf, nor have they been permitted to take advantage, as it is expressed in the latter case, of their own wrong. The usage of the country and the security of debtors sanction the' custom of indorsing the credits on the notei — the voucher of payment being thus always present with the evidence of debt. But when these indorsements are relied on as evidénce of the debtor’s continued liability, they deserve and should receive the proper scrutiny. They are placed there for his security, and *551 great circumspection is proper to prevent the mere fact of such an indorsement being converted to his injury. True, the allegation is, and in most cases it is sufficient, that the indorsement is against the interest of the party making it, and hence it is fair to be thrown in as a circumstance on which the fact of payment, and thence a continued acknowledgment of debt, may be presumed.
But how does the case before the Court stand the test of this reasoning, or by the side of the facts on which other cases have been sustained, or have failed 1 In the latter case cited the note was for $400, and the credit indorsed was for $350, of date some fifteen months after due. Here was nothing to excite suspicion. Such an acknowledgment, bearing such a date, well-justified the jury in the presumption that the payment was actually made. It was too manifestly against the interest of the payee to have been made, unless it was bona fide.
The first case referred to was arrested in its progress, on motion for nonsuit, because the interest of the party was plainly to be promoted “ by acknowledging the receipt of a part, to secure the recovery of the balance;” and hence the “certain protection of the law” was interposed. In the case under consideration such an acknowledgment might have been without any great sacrifice of interest. Even if made at the date, it may have arisen out of some other transactions, as there were other dealings, and therefore not in fact a payment on this note by Clark. A date is as easily manufactured as a sum, and here there was not the slightest evidence offered in support of this inconsiderable sum ever having been indorsed before the note was actually barred. The proof was not at all satisfactory, if not wholly insufficient to establish the fact at best; but when, to this deficiency on the part of plaintiff, is opposed the declarations of Clark, the large dealings shewing indebtedness of plaintiff subsequent to these early credits, the other demands set up by plaintiff against the estate of Clark, of small moment, directly after his death, without a word as to this note, until years elapsed; and actual payments of accounts by the plaintiff to the agent of *552 the deceased principal, down to a time near his death, we cannot but regard this -verdict as founded in mistake, or mere caprice, and therefore think that a new trial should be allowed.
The motion is therefore granted.
O’Neall, Evans, Frost and Withers, JJ., concurred.
Motion granted.